IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HORNBECK OFFSHORE SERVICES, LLC., *et al.*,[1] | ) ) ) | Case No. 20-32685 (DRJ) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**REORGANIZED DEBTORS'**
**<u>EMERGENCY</u> MOTION FOR ENTRY OF FINAL DECREE**
**CLOSING THE CHAPTER 11 CASE OF HORNBECK OFFSHORE SERVICES, LLC**

The above-captioned reorganized debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Reorganized Debtors</u>") state the following in support of this motion (this "<u>Motion</u>"):[2]

**Relief Requested**

1. The Reorganized Debtors hereby seek entry of a final decree, substantially in the form attached hereto (the "<u>Final Decree</u>"), (a) closing the above-captioned case, *In re Hornbeck Offshore Services, LLC*, Case No. 20-32685 (DRJ) (the "<u>Remaining Case</u>"); and (b) granting related relief. The Reorganized Debtors have discussed this request with the Office of the United States Trustee (the "<u>U.S. Trustee</u>"), and the U.S. Trustee has no opposition to the relief requested.

---

[1] Due to the large number of Reorganized Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Reorganized Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://cases.stretto.com/hornbeck. The location of the Reorganized Debtors' service address is: 8 Greenway Plaza, Suite 1525, Houston, Texas 77046. On September 23, 2020, the Court entered an order [Docket No. 315] closing the chapter 11 cases of all Reorganized Debtors other than Case No. 20-32685 (DRJ), *In re Hornbeck Offshore Services, LLC*, and the case of Debtor HOS WELLMAX Services, LLC, which was dismissed by order of the Court [Docket No. 316].

[2] Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion or in the Plan, as applicable.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rule 3022, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5. The Reorganized Debtors (together with their non-Debtor affiliates, the "Company") are a leading provider of marine transportation, subsea installation, and accommodation support services to exploration and production, oilfield service, offshore construction, and U.S. military customers. Since its establishment, the Company has been primarily focused on providing innovative and technologically advanced marine solutions to meet the evolving needs of the deepwater and ultra-deepwater energy industry. The Company also provides strategic services to the United States through a variety of contracts with the Military Sealift Command. Headquartered in Covington, Louisiana, the Company's operations are extensive and span across the Gulf of Mexico, Mexico, Brazil, and other foreign regions around the world.

6. On March 31, 2020, HOS WELLMAX Services, LLC ("WELLMAX") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. On May 19,

2020 (the "Petition Date"), each other Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of James O. Harp, Jr., Executive Vice President and Chief Financial Officer of Hornbeck Offshore Services, Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on the Petition Date and incorporated by reference herein.

## The Restructuring

7. On the Petition Date, the Debtors filed their *Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 7] (the "Plan"). On June 19, 2020, the Court entered the *Order (I) Approving the Debtors' Disclosure Statement For, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization and (II) Granting Related Relief* [Docket No. 221] (the "Confirmation Order"). The effective date of the Plan occurred on September 4, 2020 (the "Effective Date") and the Plan has been substantially consummated[3] [Docket No. 308].

8. Following the Effective Date, the only material remaining matters requiring resolution in connection with these chapter 11 cases for the Reorganized Debtors were (1) an adversary proceeding styled *Hornbeck Offshore Services, LLC et al v. Gulf Island Shipyards, LLC*, Adv. Proc. No. 20-03180, in which Hornbeck Offshore Services, LLC ("Hornbeck") sought turnover of two multi-purpose support vessels pursuant to section 542(a) of the Bankruptcy Code (the "Turnover Action") and (2) a *Joint Motion for Relief from the Automatic Stay* [Docket No. 141] (the "Auto Stay Motion" and together with the Turnover Action, the

---

[3] *See* Plan, Art. X.C ("'Substantial Consummation' of the Plan, as defined in section 1101(2) of the Bankruptcy Code, with respect to any of the Debtors, shall be deemed to occur on the Effective Date with respect to such Debtor.").

"Remaining Matters") filed by Gulf Island Shipyards, LLC ("Gulf Island") and Zurich American Insurance Company and Fidelity & Deposit Company of Maryland (the "Sureties").

9. On September 23, 2020, the Court entered the *Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 315] (the "Initial Final Decree"). The Initial Final Decree closed each of the Reorganized Debtors' chapter 11 cases other than the Remaining Case, which remained open for purposes of resolving the Turnover Action and Auto Stay Motion.

10. On November 23, 2020, the Court entered the *Order Appointing the Honorable Marvin Isgur as Mediator* [Adv. Proc. Docket No. 44] with respect to the Turnover Action. Thereafter, on November 30, 2020, the Court entered the *Order on Motion for Relief from the Automatic Stay* [Docket No. 322], dismissing the Auto Stay Motion as moot. On January 26, 2021, Hornbeck voluntarily dismissed the Turnover Action, see *Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(I) and Fed. R. Bankr. P. 7041* [Adv. Proc. Docket No. 50], in the interest of preservation of their and judicial resources, not seeing a pathway forward to reaching an expeditious or efficient resolution with Gulf Island and the Sureties through the Turnover Action.[4]

11. The Reorganized Debtors believe that these chapter 11 cases, including the Remaining Case, have been fully administered, and each of the Remaining Matters has now been resolved. Leaving the Remaining Case open past the date hereof would impose significant costs on the Debtors' estates, including continued payment of fees to the U.S. Trustee on disbursements made out of Hornbeck Offshore Services, LLC (which are significant, given that it is an operating entity, *see* HOS, LLC Docket No. 9). Accordingly, the Reorganized Debtors request entry of the Final Decree, closing the Remaining Case.

---

[4] The Reorganized Debtors continue to engage in settlement discussions in parallel in pursuit of the State Court Action (as defined in the Confirmation Order).

**Basis for Relief**

**I.    The Bankruptcy Court Should Close the Remaining Case Because It Has Been Fully Administered.**

12.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

13.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "<u>Advisory Committee Note</u>"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payouts under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee Note.

14.     Courts in the Fifth Circuit "have looked to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015). In addition to the factors set forth in

the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) (same).[5]

15. All of these factors need not be present before a court will enter a final decree. *In re Idearc Inc.*, No. 09-31828 (BJH) (Bankr. N.D. Tex. Dec. 29, 2011)[6] ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree."). For example, pending adversary proceedings do not necessarily preclude a court from entering a final decree. *See In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending); *In re Valence Tech, Inc.*, No. 12-11580-CAG, 2014 Bankr. LEXIS 4429, at *4 (Bankr. W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'"") (citation omitted). In addition, the fact that the consideration to be made pursuant to a plan remains to be distributed should not be an impediment to the issuance of a final decree. *See* Advisory Committee Notes ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with

---

[5] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

[6] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Reorganized Debtors' counsel.

the confirmed plan or until the statutory fees . . . have been paid"); *JMP-Newcor Int'l.*, 225 B.R. 462 (entering a final decree though debtors still needed to make certain distributions).

16.     Here, the foregoing factors weigh strongly in favor of closing the Remaining Case. On the Effective Date, the transactions contemplated by the Plan were effectuated, and the Debtors emerged from chapter 11. As of the Effective Date, the Plan was substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code and fully administered within the meaning of section 350 of the Bankruptcy Code. Both the Turnover Action and Auto Stay Motion have now been dismissed. Further, the closure of the Remaining Case is without prejudice to the rights of the parties in interest to petition the Court to reopen the Remaining Case pursuant to section 350(b) of the Bankruptcy Code if necessary. Entry of a final decree for the Remaining Case will provide a significant benefit in the form of reduced fees owed pursuant to section 1930(a)(6) of title 28 of the U.S. Code, which requires that quarterly fees be paid until a debtor's case is closed.

17.     Accordingly, the Reorganized Debtors request that the Court enter the Final Decree, in accordance with section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Remaining Case.

### Emergency Consideration

18.     The Reorganized Debtors respectfully request emergency consideration of this matter to preserve judicial resources and the resources of the Reorganized Debtors. The Reorganized Debtors have discussed this request with the U.S. Trustee, and the U.S. Trustee has no opposition to the relief requested. As such, emergency consideration is appropriate in these circumstances.

**<u>Notice</u>**

19. Notice of this Motion will be provided by the Reorganized Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Final Decree, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
January 27, 2021

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kristhy M. Peguero (TX Bar No. 24102776) | Edward O. Sassower, P.C. (admitted *pro hac vice*) |
| Jennifer F. Wertz (TX Bar No. 24072822) | Ameneh M. Bordi (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone: (212) 446-4800 |
| Telephone: (713) 752-4200 | Facsimile: (212) 446-4900 |
| Facsimile: (713) 752-4221 | Email: edward.sassower@kirkland.com |
| Email: mcavenaugh@jw.com | ameneh.bordi@kirkland.com |
| kpeguero@jw.com | |
| jwertz@jw.com | -and- |
| vpolnick@jw.com | |
| | Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) |
| | Benjamin M. Rhode (admitted *pro hac vice*) |
| *Co-Counsel to the Debtors* | 300 North LaSalle Street |
| *and Debtors in Possession* | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: ryan.bennett@kirkland.com |
| | benjamin.rhode@kirkland.com |
| | |
| | *Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on January 27, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

## **Certificate of Conference**

Prior to the filing of the Motion, counsel to the Reorganized Debtors consulted with Jayson Ruff from the Office of the United States Trustee, who indicated that the Office of the United States Trustee had no opposition to the relief requested.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh